IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01028-RPM-CBS

UNION PACIFIC RAILROAD COMPANY,
    Plaintiff,
v.

WESTERN INTERNATIONAL GRAIN COMPANY, and
GREG HAUSE,
    Defendants.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on District Judge Matsch's September 26, 2007 Order that "Magistrate Shaffer shall proceed to determine the amount of the judgment." (*See* doc. # 19). The court has reviewed the entire case file, including the pleadings, the exhibits and affidavits, and the parties' representations during the hearings held on December 5, 2007 and March 6, 2008, and is sufficiently advised in the premises.

I.    Statement of the Case

    Union Pacific Railroad Company ("Union Pacific") sued Western International Grain Company ("Western") and its president, Greg Hause, to recover the remaining balance of a Promissory Note for $26,988.77, and unpaid freight charges for $14,399.00. (*See* Complaint (doc. # 1)). As a corporation, Western never appeared through counsel. Mr. Hause filed an Answer in which he disputed personal liability for the freight charges and claimed that Western was not liable for three invoices included in Union Pacific's total freight charges. (*See* doc. # 7; Invoices (doc. # 1-2) at pp. 5-7 of 14). In a Motion for Partial Judgment on the Pleadings, Union Pacific requested that the court enter partial judgment for $36,824.77. (*See* doc. # 11). The District Judge did not rule on this motion but accepted the Magistrate Judge's Recommendation for entry of default judgment as a

1

sanction for Western's and Mr. Hause's failure to appear at a status conference, and failure to comply with and respond to the court's Orders. (*See* Order (doc. # 19); Recommendation (doc. # 16)).

In his Order, Judge Matsch expressed concern whether Mr. Hause may be liable in his individual capacity for the freight charges. (*See* doc. # 19). He also stated that Union Pacific had not submitted any information regarding attorney fees, interest, and costs. (*See* doc. # 19). Accordingly, this court requested and received affidavits from Union Pacific's attorneys Walter Downing and Kyle Wallor and held two hearings to determine the amount of damages. (*See* Affidavit of Walter Downing (doc. # 26); Affidavit of Kyle Wallor (doc. # 25); Courtroom Minutes/Minute Order (doc. # 27); Courtroom Minutes/Minute Order (doc. # 33)). The instant Recommendation addresses only the amount of damages. (*See* doc. # 19).

II.  Standard of Review

"Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." 10A Federal Prac. & Proc. Civil 3d § 2688 at 63 (2007). A trial judge has "considerable latitude in determining the amount of damages." *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993) (emphasis omitted).

III.  Analysis

Union Pacific sought a judgment against both Western and Mr. Hause based on the Promissory Note's remaining balance and the unpaid freight charges. (*See* Complaint (doc. # 1); Motion (doc. # 11) (requesting partial judgment "against Western International Grain Company and Greg Hause")). It was unclear to Judge Matsch and this court how Mr. Hause was liable for the freight charges. In addition, it was unclear to this court how

2

Mr. Hause was individually liable for the amount due on the Promissory Note. Mr. Hause did not sign the Promissory Note as a guarantor and the freight invoices obligate Western, not Mr. Hause individually. (*See* Promissory Note (doc. # 1-3) (stating on the first page that "Western International Grain Company (Maker), hereby acknowledges indebtedness to Union Pacific Railroad Company . . ."); Invoices (doc. # 1-2) (addressing invoices to "Western International Grain")). The parties stipulated at the March 6, 2008 hearing that only Western is liable for the amounts due on the Promissory Note and freight charges.

Furthermore, the parties stipulated at the March 6, 2008 hearing that Western owes Union Pacific the total amount of $36,824.77 for the remaining balance on the Promissory Note and the unpaid freight charges. Union Pacific explained that this total amount represents the remaining balance on the Promissory Note of $26,988.77, and unpaid freight charges of $9,836.00 (original amount of freight charges, which totaled $14,399.00, minus the amount of disputed invoices, which totaled $ 4,563.00). (See doc. # 11). Based on the parties' stipulations, this court finds Western liable to Union Pacific in the amount of $36,824.77 for the remaining balance on the Promissory Note and the unpaid freight charges.

The Promissory Note further provides that Union Pacific is entitled to recover "reasonable attorney's fees" in the event Western fails to make the required payments and legal action to enforce the Promissory Note is required. The party requesting an award of fees and costs bears the burden of persuasion.

> Plaintiffs' burden in an application for attorneys fees is to "prove and establish the reasonableness of each dollar, each hour, above zero." . . . To meet that burden, we require that lawyers keep meticulous time records that "reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.

*Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983) (internal citations omitted). The Tenth Circuit has acknowledged that in determining reasonable attorney fees, the court should consider the complexity of the case. *Id.* at 554. A good faith effort must be made

"to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). A fee-shifting provision should not produce a windfall for attorneys. In this case, Union Pacific is asking for attorney fees and costs in the following amounts: $682.95 for local counsel Walter Downing, and $7,091.92 for Lamson, Dugan and Murray, LLP. (*See* Affidavit of Walter Downing and attached billing statements (doc. # 26); Affidavit of Kyle Wallor and attached billing statements (doc. # 25)).

The court will readily concede that Union Pacific's counsel exercised some billing judgment in preparing their affidavits in support of default judgment. The billing statements submitted by Union Pacific's outside counsel contain several time entries for which no fee is assigned. Notwithstanding those voluntary adjustments, the court believes that additional adjustments are necessary to the fees claimed by Lamson, Dugan and Murray, LLP. *See Rolland v. Romney*, 292 F. Supp. 2d 268, 276-77 (D. Mass. 2003) (reducing prevailing party's fee request after concluding that "Plaintiff's voluntary omission of certain hours [had not] adequately eliminated the excessive hours and duplication which a close analysis of Plaintiffs' time records reveals").

The court will subtract from Lamson, Dugan and Murray, LLP's billing statements $210.00 reflecting 1.2 hours expended in writing 12 different "status reports" to the client. *See Gatti v. Comty. Action Agency*, 263 F. Supp. 2d 496, 520 (N.D.N.Y. 2003) (reducing the prevailing party's award of attorney fees after concluding that the hours attributed to preparing "status reports" were excessive given the nature of the case). The court also finds that Western should not be required to pay $775.00 for the 6.2 hours spent by Lamson, Dugan counsel doing basic background research on issues such as "pendent/ancillary jurisdiction," "case law applying Rules 8(d) and 12(c)," and "federal rules regarding proper motion to file based on Hause's answer and WIG's failure to answer." *Cf. Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1253 (10th Cir. 1998)

(cautioning that an attempt to charge "an adversary with time spent conducting background research is presumptively unreasonable"); *Erickson v. City of Topeka*, 239 F. Supp. 2d 1202, 1208 (D. Kan. 2002) (holding that time spent conducting basic background research was not compensable under the fee-shifting provision in Title VII). Finally, the court will deduct from Union Pacific's request for attorneys fees the 1.1 hours (for a total of $192.50) that Union Pacific's lead counsel, Kyle Wallor, spent in early communications with local counsel and reviewing billing statements submitted by local counsel. The court finds Western liable to Union Pacific for reasonable attorney fees in the total amount of $ 6,597.37.

IV. Conclusion

Accordingly, IT IS RECOMMENDED that judgment by default be entered against Defendant Western International Grain Company in the amount of $26,988.77 for the remaining balance on the Promissory Note, $9,836.00 in unpaid freight charges, and $6,597.37 in reasonable attorney fees, for a judgment in the total amount of $43,422.14.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street,*

*Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 17th day of March, 2008.

BY THE COURT:

　　s/Craig B. Shaffer  
　　United States Magistrate Judge